UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN MITCHELL,
    Plaintiff,

v.

RENEE LUPERT, et al.,
    Defendants,

Civil Action No. 3:09-CV-00789

(Judge Kosik)

FILED
SCRANTON
FEB 2 4 2011
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are plaintiff's objections to the Report and Recommendation of Magistrate Judge J. Andrew Smyser filed on June 14, 2010, wherein be recommended that plaintiff's motions for default judgment be denied and that the second amended complaint be dismissed pursuant to 28 U.S.C. §1915 (e)(2). For the reasons which follow, we will overrule plaintiff's objections and we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Stephen Mitchell, an inmate confined at the State Correctional Institution at Smithfield ("SCI-Smithfield") filed the instant civil rights action pursuant to 42 U.S.C. §1983 on April 27, 2009, approximately four months after his transfer to SCI-Smithfield. An Amended Complaint was redocketed on October 28, 2009. (Doc. 30). Named in the Amended Complaint were six defendants, employees at SCI-Smithfield. The Amended Complaint was a running narrative of alleged offenses against plaintiff since his transfer to SCI-Smithfield in January of 2009. Motions to Dismiss were filed by Defendants along with supporting briefs. Plaintiff filed briefs in opposition to the Motions to Dismiss.

On February 17, 2010, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the defendants' Motions to Dismiss be granted and that the

-1-

plaintiff be granted leave to file a second amended complaint. (Doc.75). Specifically, the Magistrate Judge reviewed the allegations set forth in plaintiff's amended complaint and the legal standards to be applied to claims for denial of access to the courts, for denial of grievances, for denial of due process, for denial of equal protection, for failure to protect, and for retaliation. The Magistrate Judge also discussed the doctrine of respondent superior.

On April 6, 2010, the court adopted the Report and Recommendation of the Magistrate Judge (Doc. 81) and allowed plaintiff an opportunity to file a second amended complaint. Plaintiff filed a second amended complaint on April 14, 2010. (Doc. 82).[1] In his second amended complaint, the plaintiff added new defendants and raised additional claims that set forth numerous allegations and alleged violations of his constitutional rights.

The Magistrate Judge reviewed plaintiff's second amended complaint pursuant to 28 U.S.C. §1915 (e)(2) and on June 14, 2010 he issued a Report and Recommendation in which he recommended that the plaintiff's motions for default judgment be denied and the second amended complaint be dismissed. (Doc. 103). On June 21, 2010, the plaintiff filed objections to the Report and Recommendation. (Doc. 104). On June 30, 2010, plaintiff filed a Preliminary Injunction/Order of Protection. (Doc. 105). On July 6, 2010, defendants filed a brief in opposition to plaintiff's objections. (Doc. 107). On August 5, 2010, plaintiff filed a document captioned "In Support Further of Plaintiffs Asking for Protection from PA Dept. Of Correction and Specifically Smithfield." (Doc. 108).[2]

## STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). We may

---

[1] We note that plaintiff filed another amended complaint (Doc. 92) on May 10, 2010. The third amended complaint was stricken from the record by the Magistrate Judge on June 10, 2010. (Doc. 99).

[2] Plaintiff also filed several documents regarding his medical care at SCI-Smithfield, which were separately addressed by the court (Docs. 109-112).

accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5,7 (3d Cir. 1984).

The Magistrate Judge relies on 28 U.S.C. §1915 (e)(2) in recommending that the Plaintiff's second amended complaint be dismissed.

28 U.S.C. §1915 (e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal -
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

Pursuant to §1915 (e)(2), the court is required to examine the complaint for legal sufficiency and to dismiss the complaint, or any part of it, if it is frivolous, malicious or fails to state a claim on which relief may be granted. Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims "for failure to state a claim upon which relief can be granted...." Section 1915 (e)(2)(B)(ii) provides this ground for summary dismissal of a complaint before service - failure to state a claim under Rule 12(b)(6) principles.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.

2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. County of Alleghany, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, (2009)(explaining that Rule 8 requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation."); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains enough factual matter (taken as true) to suggest the required element.

However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, supra, 129 S. Ct. at 1949 (quoting Twombly, supra, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

-4-

## DISCUSSION

In his Report and Recommendation, the Magistrate Judge discusses the claims raised by plaintiff in his second amended complaint. The Magistrate Judge then reviews the claims to determine whether the plaintiff set forth viable claims under the applicable case law. Specifically, the Magistrate Judge addresses plaintiff's claims under the Eleventh Amendment, due process, denial of access to the courts, retaliation, denial of grievances, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§1961 et seq. The Magistrate Judge also addresses the plaintiffs Eighth Amendment claims involving a failure to protect, second hand smoke and medical care. We find that the Magistrate Judge thoroughly analyzed each of the plaintiff's claims in his Report and Recommendation and we will adopt it in its entirety.

In his objections to the Report and Recommendation, plaintiff refers to his pro se status and points out that he has a limited education and that his complaint should be held to a less stringent standard. We believe that the Magistrate Judge applied this less stringent standard in reviewing Plaintiff's second amended complaint. The plaintiff then challenges his transfer to SCI-Smithfield and sets forth facts regarding the conditions of his confinement at SCI-Smithfield. Plaintiff also sets forth legal authorities in support of his claims.

While plaintiff's objections reiterate the claims set forth in the second amended complaint and fail to set forth specific objections to the Report and Recommendation of the Magistrate Judge, we will review the Report and Recommendation. After the Magistrate Judge sets forth the numerous allegations and claims which plaintiff raises in his narrative, the Magistrate Judge addresses the specific legal issues raised by plaintiff's claims. First, the Magistrate Judge addresses plaintiff's claim that the Pennsylvania Department of Corrections denied him due process by denying him interest on the money in his prison account. The Magistrate Judge concludes that plaintiff's claim against the Pennsylvania Department of Corrections is barred by the Eleventh Amendment. The Magistrate Judge also concludes that plaintiff's claim for monetary damages against defendants in their individual capacities is

also barred by the Eleventh Amendment.

The Magistrate Judge next addresses plaintiff's claim that he was denied due process based on his placement and his confinement in the Restricted Housing Unit and the conditions of his confinement arising out of such confinement. Relying on the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995), the Magistrate Judge found that based on the facts alleged in the second amended complaint, it can not be reasonably inferred that plaintiff was or is subjected to atypical and significant hardships in relation to the ordinary incidents of prison life and that plaintiff did and does not have a liberty interest protected by the due process clause based on his confinement in the Restricted Housing Unit. We agree with the Magistrate Judge's analysis.

Plaintiff also alleges violations of due process, the Hobbs Act and RICO violations based on the Department of Corrections taking $13,000.00 from him for a misconduct. As the Magistrate Judge points out, plaintiff has failed to allege sufficient facts that would raise a plausible inference that the money was taken from his account without due process. In his amended complaint, plaintiff cursorily alleges that over $13,000.00 was taken from him for misconduct A672196 in August of 2007. However, plaintiff was not transferred to SCI-Smithfield until January of 2009 and he has failed to set forth any details surrounding this alleged due process violation.

The Magistrate Judge next discusses plaintiff's alleged claims for denial of access to the court. Specifically, plaintiff alleged that defendants Lupert, Heastor and Goodman denied him access to the courts by denying him the assistance of a paralegal. He alleges that he needed legal assistance in connection with a PCRA petition in state court and with another civil rights action before this court, Mitchell v. Wydra, 3:08-CV-1588 (M.D. Pa), aff'd., No. 10-1501 (3d Cir. April 27, 2010). As the Magistrate Judge notes, plaintiff has failed to allege facts from which it can be inferred that plaintiff suffered an actual injury as a result of being

denied the assistance of a paralegal.³ Moreover, we note that plaintiff has been a prolific filer of legal documents in this case as well as the other cases filed with this court. Accordingly, we agree with the Magistrate Judge that plaintiff fails to state a claim of denial of access to the courts.

The Magistrate Judge addresses plaintiff's allegations that he has been retaliated against because he filed grievances and prior lawsuits. As the Magistrate Judge points out, plaintiff complains of conduct by various defendants which he alleges to be retaliation for his filing of grievances and lawsuits. However, other than making conclusory allegations of retaliation, plaintiff has not alleged facts from which a causal connection between his constitutionally protected conduct and the alleged adverse actions can be inferred.

Plaintiff also claims that his rights were violated because the numerous grievances, which he acknowledges filing, were denied as frivolous. As the Magistrate Judge concludes, inmates do not have a constitutionally protected right to a grievance procedure and the state creation of one does not create any federal constitutional right. Thus, plaintiff fails to state a claim based on denial of his grievances.

The Magistrate Judge next addresses plaintiff's allegations which allege violations of the Eighth Amendment. Specifically, plaintiff alleges a failure to protect claim against defendant Wright in that he alleges that he was housed with mental patients and spit on by another inmate; a second hand smoke claim against defendant Treaster based upon exposure to second hand smoke; and a claim based on denial and delay of medical treatment for glaucoma and a weight loss condition. After reviewing the allegations set forth in the second amended complaint in conjunction with the legal analysis applicable for Eighth Amendment claims, the Magistrate Judge concluded that plaintiff failed to set forth any Eighth Amendment claims upon which relief may be granted. After reviewing plaintiff's second amended complaint, we agree with the Magistrate Judge's conclusions.

---

³We note that in Mitchell v. Wydra, supra, plaintiff alleged that he was deprived of meaningful access to the court because the defendants refused him legal assistance in preparing court filings. This court granted defendant's motion to dismiss finding that plaintiff failed to state a claim. The decision was affirmed by the Third Circuit Court of Appeals.

Finally, the Magistrate Judge addresses plaintiff's alleged violations of the RICO Act by defendant Everhart arising out of postage issues at SCI-Smithfield. As the Magistrate Judge points out, plaintiff sets forth conclusory allegations asserting a RICO violation. However, plaintiff's allegations fail to establish a pattern of racketeering activity or the collection of an unlawful debt to trigger a RICO claim.

Having reviewed the Magistrate Judge's Report and Recommendation, in light of plaintiff's objections and the second amended complaint, we agree with the Magistrate Judge's conclusion that plaintiff's second amended complaint fails to state a claim upon which relief may be granted and that dismissal of the second amended complaint is warranted pursuant to 28 U.S.C. §1915 (e)(2). We further agree that it would be futile to allow plaintiff a third opportunity to amend. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge in its entirety.

Subsequent to the filing of the Report and Recommendation, plaintiff filed several documents with the court. In particular, on June 30, 2010, plaintiff filed a Preliminary Injunction/Order of Protection (Doc. 105). In seeking a Preliminary Injunction/Order of Protection, plaintiff requests protection from the defendants, as well as their subordinates named in his numerous grievances. Plaintiff asserts that he is subject to threats, harassment, taking of property and refusal to mail correspondence to court. Plaintiff then lists specific grievance numbers that he filed and states that he has a "very real fear" that he will be harmed by defendants "as retaliation and reprisal" for the over 150 grievances he filed since his transfer to SCI-Smithfield. He states that his grievances and fears have been ignored by defendants and that their actions against him have increased.

The following controlling principles guide us in determining whether plaintiff is entitled to the issuance of the requested injunctive relief. Preliminary injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances. See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir. 2002). The following factors must be considered by a district court in considering a motion for preliminary injunction: "(1) whether the movant has shown a

-8-

reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Brian B. v. Commonwealth of Pennsylvania, 230 F.3d 582, 585 (3d Cir. 2000).

In order for the issuance of a preliminary injunction, there must be a showing that the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. S I Handling Sys., Inc., v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964).

In considering plaintiff's claims, it is clear that he will not be irreparably harmed by the denial of the requested injunctive relief. While plaintiff complains about his treatment by defendants and others, he has admittedly filed numerous grievances within the prison system to seek redress for his claims. He has also raised similar claims in the instant action and other actions filed with this court. Thus, Plaintiff has an adequate remedy at law available should he choose to pursue any alleged violation of his constitutional rights. Plaintiff's request for Preliminary Injunction/Order of Protection will be denied.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| STEPHEN MITCHELL, | : | |
| --- | --- | --- |
| Plaintiff, | : | Civil Action No. 3:09-CV-00789 |
| v. | : | |
| | : | (Judge Kosik) |
| RENEE LUPERT, et al., | : | |
| Defendants, | : | |
| | : | |

## ORDER

NOW, THIS 24 DAY OF FEBRUARY, 2011, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated June 14, 2010 (Doc. 103) is **ADOPTED**;

(2) The Plaintiff's objections to the Report and Recommendation (Doc. 104) are **OVERRULED**;

(3) The Plaintiff's second amended complaint (Doc. 82) is **DISMISSED** pursuant to 28 U.S.C.§1915 (e)(2);

(4) Plaintiff's motions for default judgment (Docs. 86 and 90) are **DENIED**;

(5) Plaintiff's motion for Preliminary Injunction/Motion for Protective Order (Doc. 105) is **DENIED**; and

(6) The Clerk of Court is directed to close this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge